John D. Dewey, Lockwood, Dewey, Zickert & Alex, Chicago, Ill., for defendant.

**BALDWIN COOKE COMPANY, Plaintiff,**

v.

**KEITH CLARK, INC., Defendant.**

**No. 73 C 1244.**

United States District Court, N. D. Illinois, E. D.

Nov. 2, 1976.

## MEMORANDUM ORDER

MARSHALL, District Judge.

On defendant's motion to amend findings of fact and conclusions of law and judgment, and plaintiff's cross motion for additional attorneys' fees.

In our memorandum decision of September 27, 1976, we awarded plaintiff costs and attorneys' fees in the amount of $78,986.39 on the premise that defendant's offer of judgment under Rule 68, Federal Rules of Civil Procedure, was in the amount of $19,-000. Defendant seeks reconsideration of the attorneys' fees award on the ground that its offer of judgment which was made November 5, 1975, was "in the amount of $160,000.00, inclusive of costs and attorneys' fee." Offer of Judgment, November 5, 1975. Thus defendant urges that the offer was far more reasonable than we had assumed, with the result that it should not be held accountable for all of plaintiff's attorneys' fees.

In addition, defendant, in its motion for reconsideration, asserts that plaintiff's demand for monetary recovery at the time of trial on the issue of damages was so large,

$1,200,000, that defendant had no choice but to defend vigorously against it.

Plaintiff has responded to the motion and has submitted additional verified data in respect to the history of settlement negotiations in this case. The negotiations can be summarized as follows:

1. February, 1975. Defendant's counsel offered various amounts ranging from $75,000 to $150,000, which amounts would have included costs and attorneys' fees.

2. February, 1975. Plaintiff offered to settle its damage claim for $265,000, which amount would have included costs and attorneys' fees.

3. November, 1975. Defendant's formal Offer of Judgment under Rule 68 was made in the amount of $160,000, which amount would have included costs and attorneys' fees.

At the time of defendant's last offer, the cause was set for trial on December 8, 1975. That date was vacated and the cause proceeded to trial on the issue of damages on January 14, 1976.

As of defendant's last offer, plaintiff's accrued costs and attorneys' fees were approximately $55,000. Accordingly, defendant's net offer to plaintiff at that time was $105,000.

Plaintiff's net recovery upon our judgment of September 27 was $224,000 plus attorneys' fees. As of the date of plaintiff's offer to settle for $265,000, its accrued attorneys' fees were approximately $35,000. Thus plaintiff's net offer in February, 1975 was approximately $230,000, or almost precisely the amount awarded following the damage trial. Defendant's response to plaintiff's offer was rejection and a counter offer in November which would have netted to plaintiff less than 50% of that which plaintiff was willing to accept in February, and less than 50% of that which it recovered following the damage trial.

■ In these circumstances, although our arithmetic analyses at pages 9 and 10 of the memorandum decision of September 27 were based upon the erroneous premise that defendant's offer of judgment was only $19,000, we conclude that our ultimate conclusion that plaintiff is entitled to recover the full amount of its attorneys' fees was correct and equitable. Accordingly, defendant's motion to amend the judgment is denied.

■ We have given careful consideration to plaintiff's cross motion for additional attorneys' fees. While we share plaintiff's discontent with defendant's failure in its motion to advise us of plaintiff's February, 1975 offer to settle, we cannot conclude that defendant's instant motion has been made in bad faith or for purposes of delay. Our opinion of September 27, as previously noted, was rendered on an erroneous premise and it was appropriate for defendant to call that to our attention. Accordingly, plaintiff's motion for additional attorneys' fees is denied.

Thereupon, the judgment of September 27, 1976 is confirmed in all respects.